# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD DALE LAFEVER,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 05-361-RAW-KEW |
| **HASKELL HIGGINS, Warden,** | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

NOW before the Magistrate Judge is petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma, is challenging disciplinary proceedings for a misconduct at his facility. He alleges that on January 21, 2005, some of his legal paperwork was found in another inmate's locker. He pleaded guilty to the offense but now asserts there was no DOC policy forbidding an inmate from having another inmate's legal materials. He, therefore, contends he was punished for breaking a non-existent rule. The respondent alleges petitioner has failed to exhaust his administrative remedies for this claim, and this court lacks jurisdiction.

The record shows that on February 10, 2005, petitioner was issued an offense report for Individual Disruptive Behavior [Docket #6, Exhibit 2 at 1]. He pleaded guilty to the offense on the same day, and the discipline imposed included the loss of 60 earned credits. According to the respondent, petitioner will not be eligible to accrue earned credits until he has served 85% of his sentence. Because he does not earn credits, the revocation did not actually affect petitioner's sentence.

The respondent further asserts petitioner has failed to exhaust his administrative remedies for this claim. Deborah Romine, DOC Administrative Programs Officer, states by affidavit that she has reviewed all the records regarding petitioner's misconduct, and he did not file a misconduct appeal or a grievance regarding the misconduct.

Petitioner asserts his misconduct is a non-grievable issue, pursuant to OP-090124 II(B)(1) [Docket #7, Exhibit A], and his guilty plea constituted a waiver of the appeal process, pursuant to OP-060125 [Docket #7, Exhibit B]. The respondent has not responded to this allegation that petitioner had no appeal procedure to exhaust, so the court will examine the merits of petitioner's claim.

Petitioner acknowledges that the earned credits never were lost, but he argues the court should consider the potential adverse effect the misconduct conviction could have on future discretionary decisions concerning his liberty, such as consideration for work release, furloughs, and parole. It is well-established that "the requirements of procedural due process apply only to the deprivation of those interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). It also is true that Oklahoma state law may create a liberty interest in earned good time credits. *See Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993). Oklahoma law mandates that petitioner must serve 85% of his sentence, however, before he is eligible to earn credits. *See* Okla. Stat. tit. 21, § 13.1. According to the respondent, petitioner will not reach that point until November 19, 2011. Therefore, petitioner had no earned credits to lose, and he enjoys no liberty interest in them. *See Stephens v. Thomas*, 19 F.3d 498, 501 (10th Cir.), *cert. denied*, 513 U.S. 1002 (1994) (holding there was no liberty interest in the loss of good-time credits when the inmates were not entitled to credits in the first place as a matter of law).

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 30th day of November, 2007.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**